OPINION
Defendant Stephen J. Yeagley appeals a judgment of the Court of Common Pleas of Holmes County, Ohio, which found appellant is a sexual predator pursuant to R.C. 2950.09 and is required to comply with the reporting requirements of Ohio law. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
ORC 2950. ET SEQ. VIOLATES ARTICLE I, SECTION I, OF THE OHIO CONSTITUTION AS THE SAME VIOLATES A PERSON'S INALIENABLE RIGHTS UNDER NATURAL LAW.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT'S FINDING THAT THE APPELLANT IS A "SEXUAL PREDATOR" UNDER ORC 2950 ET SEQ. IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
The record indicates the trial court convicted and sentenced appellant for two counts of sexual battery in violation of R.C.2907.03, for having sexual intercourse with his fourteen year old daughter on two occasions. Appellant had defended by asserting on both occasions he was asleep and his daughter had initiated the sexual activity.
 I
In his first assignment of error, appellant asserts R.C. 2950 violates Article I, Section 1 of the Ohio Constitution, violating his inalienable rights under natural law. Appellant articulates these rights under the general category of right to privacy, a violation of which impacts upon his enjoyment of his good reputation, his ability to purchase property, his ability to secure employment, and his right to pursue happiness. In State v. Smith (June 30, 1999), Perry App. No. CA98-2, unreported, this court found the registration and notification requirements of R.C. Chapter 2950 do not impermissibly infringe upon the constitutional right to privacy and related rights. The right to privacy involves disclosure of personal matters, and much of the information subject to the registration and notification requirements is already available to the public. Further, Ohio's statutory scheme provides sufficient due process to protect the offender's liberty interests by providing a hearing at which the State bears the burden of persuasion by clear and convincing proof. We find the statute does not impermissibly affect appellant's fundamental rights. The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court's determination was not supported by clear and convincing evidence. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial rather than punitive in nature. For this reason, we review the assignment of error under the standard of review enunciated in C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279. This case held a judgment supported by some competent and credible evidence going to all the elements of the case is not against the manifest weight of the evidence. R.C. 2950.09 states in pertinent part: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court listed the facts upon which it relied in finding appellant is a sexual predator. The court considered appellant's prior criminal record, the age of the victim, the nature of the sexual conduct with the victim, who was appellant's daughter, the demonstrated pattern of abuse as evidenced by two separate counts of sexual battery, and the fact appellant has apparently not sought counseling or treatment. The State also points out appellant attempted to blame his daughter for the assaults, and refused to accept responsibility for his actions. We have reviewed the record, and we find the trial court's judgment is supported by the weight and sufficiency of the evidence before it. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur